## MARY E. PALMER v. ORVILLE LAWRENCE, et al.

October Term, 1898.

Present : ROSS, C. J., ROWELL, TYLER, MUNSON and START, JJ.

Opinion filed August 31, 1899.

*Evidence*—An endorsement on a note in the handwriting of a deceased owner being conceded to be evidence to show which of two notes a certain payment was applied on, and it not appearing that it was received in evidence for any other purpose, the objection that it was inadmissible to show on which of the two notes the payment was in fact made was not considered.

CHANCERY. Foreclosure of mortgage. Caledonia County, December Term, 1899, *Thompson*, Chancellor. Decree for oratrix. Defendants appealed.

The case was heard on petition, answer, report of special master, and exceptions thereto. The facts are stated in the opinion.

*Bates, May & Simonds* for the oratrix.

*Dunnett & Slack* for the defendants.

MUNSON, J.    In arriving at the amount of the decree, the master excluded from the computation an item of two hundred dollars, which the defendants claimed should be applied in reduction of the mortgage debt. It appears that the mortgage in suit was formerly owned by a person who died before the hearing, and that this person held at the same time another mortgage against the same debtor, which was known as the Blancher mortgage. The defendants presented the receipt of this deceased person for two hundred dollars, and claimed that the money receipted for was paid upon the mortgage in suit, while the oratrix claimed that it was paid and applied upon the Blancher mortgage. Upon this question, and in connection with evidence of handwriting and identity of payment, the master received the

Blancher note in evidence.    The defendants insist  that its ad-
mission was error.

It is said in defendants' brief that the fact that this payment
was endorsed on the Blancher note was not questioned, and that
the controverted point was whether it should have been endorsed
there, and that consequently the endorsement must have been
received as a written declaration of the deceased owner that the
application was correct.    But the fact of its having been so
applied cannot have been conceded in advance of evidence, for
the report states that the note was received in connection with
evidence that the payment represented by the receipt was the
payment so endorsed.    So it cannot be said but that the note
was offered as showing how the money represented by the receipt
was in fact applied, and we do not understand the defendants to
question its admissibility for that purpose.    There is nothing in
the report to indicate that the master received or used it for any
other purpose.

*Decree affirmed, and cause remanded.*